IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. TRINDLE JR., | : | |
| Plaintiff, | : | 1:17-cv-1173 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| KEVIN GALLAGHER, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **November 28, 2017**

Plaintiff, William R. Trindle, Jr. ("Trindle"), filed this *pro se* action alleging that Defendants Deputy Warden Sam Hyder ("Hyder") and Captain Kevin Gallagher ("Gallagher"), both of whom are employed at the Luzerne County Correctional Facility, and Deputy Warden Susan R. Watt ("Watt"), who is employed at the Clinton County Correctional Facility, have deprived him of his legal property in violation of his constitutional right to access the courts. (Doc. 1). He seeks to proceed *in forma pauperis*. (Docs. 2, 6).

For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **STANDARDS OF REVIEW**

Section 1915(e)(2)(B)(ii), which pertains to proceedings *in forma pauperis*, states, in pertinent part, "the court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may

be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

II. **ALLEGATIONS OF THE COMPLAINT**

On March 4, 2017, Trindle, a Pennsylvania inmate housed at the Clinton County Correctional Facility ("CCCF"), was transported to Geisinger Hospital in

Danville, Pennsylvania for emergency back surgery. (Doc. 1, p. 2). While hospitalized, he inquired about his property and legal work and was informed that Defendant Watt made arrangements with Defendant Gallagher to send his property to the Luzerne County Correctional Facility ("LCCF"); Trindle was to be transferred to LCCF upon discharge from the hospital. (*Id.* at 2, 4). Upon release from the hospital, Trindle was transferred to LCCF, but did not receive his property or legal work. (*Id.* at 4). He wrote to Defendant Gallagher on April 24, 2017, indicating that he needs his legal work "to file petitions needed to retain custody of [his] son, and ha[s] a specific period set by the courts to do so." (*Id.* at 6). Gallagher responded on May 9, 2017, that "[a]s soon as we make a trip to Clinton County, we will return your property." (*Id.*)

He received a notice on June 10, 2017, that his property would be destroyed. (*Id.* at 4). He wrote to Defendant Hyder to express his concerns. (Id. at 3). Hyder allegedly instructed him to write to CCCF to request that his property and legal work be shipped to him at LCCF. (*Id.* at 3, 5). The property was not sent.

Trindle alleges that the denial of his legal work is violating his civil rights and preventing him from accessing materials he needs to pursue current legal proceedings.

## III. DISCUSSION

It is well-established that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "A prisoner raising an access-to-courts claim must show that the denial of access caused him to suffer an actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, under *Bounds*, the "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Trindle alleges that the inability to access his legal property is depriving him of the ability to file a petition related to the custody of his son. This does not meet the actual injury requirement in that the alleged denial of access to the courts is not related to an attack on his sentence, directly or collaterally, or a challenge to the

conditions of his confinement. To be thorough, the Court reviewed Trindle's Court of Common Pleas of Luzerne County criminal electronic dockets. The dockets revealed that, at the time of the filing of his complaint, Trindle's legal activity was limited to pursuit of parole and work release and did not involve either direct or collateral attacks on his convictions or sentences.[1]

The complaint is therefore subject to dismissal for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. LEAVE TO AMEND

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED.R.CIV.P. 15(a)(2). Affording plaintiff an opportunity to amend would clearly be futile given the nature to the underlying litigation he is attempting to pursue.

---

[1] The Court reviewed the following Luzerne County Criminal Docket numbers *via* https://ujsportal.pacourts.us: CP-40-MD-0000756-2016; CP-40-CR-0004672-2015; CP-40-CR-0004673-2015; CP-40-CR-0003522-2015; CP-40-CR-002844-2015; CP-40-CR-0001946-2013; and CP-40-CR-0001542-2013.

## V.  CONCLUSION

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will enter.